*Southern District*

## No. 89

## JAMES TAWA

### v.

## CHARLES McCARTHY

Argued: September 4, 1974. Decided: August 13, 1975.

Case tried to *Rider, J.* In the District Court of Northern Norfolk. Number: 67285.

Present: Murphy, P.J., Prince, Tamkin, JJ.

### (This opinion has been abridged)

**Prince, J.**\* This is an action of contract by an acommodation co-maker on a promissory note, against the accommodated party, for sums paid by the plaintiff to Time Finance Co., the payee of the note, pursuant to a demand by it, after the defendant defaulted. The plaintiff seeks to recover $1,159.00 Dollars with interest from the date of the writ plus reasonable attorney's fees.

The defendant filed an extended answer setting up a general denial, payment, statute of limitations, and several affirmative defenses relating to the purchase of a motor vehicle alleging repossession by the plaintiff and violation of the statutes relating thereto; the application of G.L., c. 106, §§9-504, 505 and 507 and c. 255B alleging a specious cash sale made not to look like a credit transaction; and failure by the plaintiff to carry out repairs. The defendant further answered in violation of G.L. c. 106, §9-504.

The trial justice found for the plaintiff of $1,159 and denied the defendant's claim in recoupment.

The report covered twenty-seven typed pages, including the justice's findings of fact, a separate recitation of the evidence most favorable to the defendant. his extended answer to the declaration and his thirty-one requests for rulings.

The trial justice found facts as follows:

"On or about January 25, 1967, the plaintiff sold his brother's used 1962 Oldsmobile sedan to the defendant for $1,000 cash. The plaintiff was then employed by A. L. Wells, Inc., an Oldsmobile dealer, and had previously sold two used cars to the defendant for that company. Defendant's credit was poor; he then owed Time Finance Co. of Dedham (Time Finance) $348.87 as the net balance on a prior loan.

---

\* *This opinion was drafted by Prince, J. before he was elevated to the Superior Court.*

Time Finance required a co-signer with the defendant on the new loan to the defendant in the amount of $1,830. This amount included the aforesaid net balance, a check in the amount of $1,000. payable to the defendant which he endorsed to the plaintiff, and precomputed interest of $449.01. The plaintiff co-signed the promissory note with the defendant as an accommodation maker. The note was dated January 25, 1967, and called for 30 equal monthly payments of $61. Time Finance recorded a security agreement relative to this motor vehicle in the City of Boston. Thereafter the defendant made various complaints to the plaintiff about the motor vehicle which I find were remedied by the plaintiff, and the defendant released the plaintiff in writing with respect to all his complaints. Within a few months after January 1967, the defendant became in default on the promissory note and could not be located by Time Finance. It was stipulated that all the defendant ever paid on the note totalled $467.98. Time Finance called upon the plaintiff for payment of the note in 1967, and it was stipulated that the plaintiff paid $1,159.00 to Time Finance. The defendant transferred title to this motor vehicle to Robert Travers; Travers testified that the transfer took place in June, 5 or 6 years ago. While being operated by Travers, the vehicle was involved in a collision and sustained substantial damage. Travers then transferred title to the vehicle to John Cassetta and received in return a 1958 or 1959 Ford Falcon. Subsequently John Cassetta sold the vehicle to one Sylvia Wynans of Quincy. On July 25, 1967, Time Finance authorized the plaintiff in writing to repossess the car for it. The plaintiff found the car two years later in the possession of Sylvia Wynans and repossessed it for Time Finance with the aid of the Quincy Police. The defendant admitted receiving oral notice of the repossession from Time Finance. The vehicle was stored for several months after it was repossessed; Time Finance ultimately sold it to the plaintiff for $25."

■. Despite a recitation of the substance of the testimony of the defendant and his witnesses, which conflicted with those findings, the District Court justice's findings of fact are final unless shown to be plainly wrong. The justice heard and observed the witnesses. He examined the exhibits, including those annexed to the report, namely: A. The purchase order of the motor vehicle for $1,000 cash; B. The promissory note payable to Time Finance signed by the defendant and co-signed by the plaintiff; C. The so-called release dated 5/29 signed by the defendant acknowledging full performance by the plaintiff.

We are unable to determine any basis for overruling the findings of fact of the trial justice. The only issues remaining are whether or not he has correctly applied the law to the facts found.

We find no error.

The defendant claims to be aggrieved by the denial of his [14] requests [for rulings] and by findings, as not applicable, [12 of] his other requests.

After review of the requests, we affirm the action of the justice thereon for one or more of the following reasons as to each ruling.

■. Because this was a cash sale and *not* an installment sale, G. L., c. 255B, regulating the sale and repossession of motor vehicles, was not applicable to the plaintiff.

The action of the plaintiff was based on recovery of sums paid as an accommodation maker to the payee on behalf of the defendant maker of a promissory note. He was not alleging breach of a sales contract under the provisions of G. L., c. 106, §2. The plaintiff's claim is asserted under G. L., c. 106, §3-415 as accommodation maker.

This action was brought within the six year limitation of G. L., c. 260, §2 and was not governed by the limitations of G. L., c. 106, §2-725.

Time Finance, the payee of the note, was the secured party within the meaning of G. L., c. 106, §9, not the plaintiff. The plaintiff was not the lender. He does not claim as a holder in due course of the promissory note. Whether or not the finance company was a holder in due course is immaterial. The plaintiff's rights were not dependent on the status of Time Finance. The plaintiff was not subrogated to the rights of Time Finance.

The fact that the defendant released the plaintiff in writing and acknowledged full performance of all repairs disposed of those requests dealing with warranties, express or implied.

The trial justice made thorough and specific findings of fact. So far as some requests alleged facts that were not found, they were properly denied or ruled not applicable.

The following conclusions of the court based on his findings of fact are sustained. "The defendant received unconditional title to the motor vehicle; that the defendant pledged the motor vehicle with Time Finance as collateral security for the payment of his note; and that these transactions did not come within the purview of G. L., c. 255B."

There being no prejudicial error, an order should be entered dismissing the report, and the finding for the plaintiff for $1,159.00 is affirmed with interest from the date of writ and costs. **So ordered.**